UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSMAN EGAL, ) | |
| ) | CASE NO. C14-1964RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, a foreign company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.      INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand to State Court. Dkt. #14. Plaintiff argues that this Court lacks jurisdiction because the requisite amount in controversy for diversity jurisdiction cannot be shown by Defendant, and because Defendant's removal was procedurally deficient in that Defendant failed to comply with Local Rule 101. *Id.* Defendant argues that it has provided adequate evidence to demonstrate the requisite amount in controversy, and that it fully complied with the Court's Local Rules. Dkt. #16. For the reasons set forth below, the Court agrees with Defendant and DENIES Plaintiff's Motion to Remand.

///

///

ORDER
PAGE - 1

## II.   BACKGROUND

On or about November 26, 2014, Plaintiff filed the instant personal injury/underinsured motorist action in King County Superior Court.  Dkts. #1 at ¶ 1 and #1-2.  In his Complaint, Plaintiff alleges claims for breach of good faith duty, breach of fiduciary duty, breach of various statutory duties, violation of Washington's Consumer Protection Act ("CPA"), negligence, estoppel, breach of contract, and violation of the Insurance Fair Conduct Act ("IFCA"), which arise from a motor vehicle accident for which he was not at fault and in which he suffered physical injuries.  Dkt. #1-2.  The face of the Complaint does not allege the total amount of damages sought.  Rather, Plaintiff alleges that:

> 14.1    By virtue of breach of the insurance contract, defendant is liable in full for the amount of plaintiff's claims.
>
> 14.2    Defendant are liable for damages which directly and proximately result from breach of the implied duty of good faith and fair dealing owed to plaintiff.
>
> 14.3    Defendant is further liable to plaintiff for damages for infliction of emotional distress, harassment, embarrassment, and delay.
>
> 14.4    As a direct and proximate result of the wrongful conduct of defendant, plaintiff has lost the use of funds which should have been paid promptly as part of the claim process.
>
> 14.5    Plaintiff is further damaged in the amount of reasonable compensation he has paid and will pay to his attorney. Defendant compelled plaintiff to enter into litigation to recover amounts due under these policies.
>
> 14.6    Defendant is liable for reasonable attorney's fee of plaintiff, and for treble damage and increased damage awards pursuant to the Washington Consumer Protection Act.
>
> 14.7    Defendant is liable to plaintiff for damages for fraud.

Dkt. #1-2 at ¶¶ 14.1-14.7.  By virtue of pleading a claim under IFCA, Plaintiff also seeks treble damages.  Dkt. #1-2 ¶ 15.1(c).

On December 24, 2014, Defendant removed the action to this Court, asserting federal jurisdiction on the basis of diversity. Dkt. #1. In its Notice of Removal, Defendant asserts that Plaintiff, "in a pre-suit demand . . . alleged $40,000 in medical specials and has demanded that GEICO pay him his $50,000 underinsured motorist limits." Dkt. #1 at ¶ 6. Plaintiff now seeks remand to state court.

### III. DISCUSSION

#### A. Standard of Review

When a case is filed in state court, removal is proper if the Complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). However, this Court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part*

ORDER
PAGE - 3

*on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

**B. Diversity Jurisdiction – Amount in Controversy**

Plaintiff argues that Defendant has failed to demonstrate the requisite amount in controversy for diversity jurisdiction in this Court. "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. §1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations by a defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Rodgers*, at 1178; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). Instead, this Court may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy. *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Importantly, the amount in controversy is established at the time of removal. *Matheson,* 319 F.3d at 1090. The amount in controversy includes actual damages, punitive damages, and attorney's fees authorized by contract or statute. *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske*, 432 F.3d at 980.

At the time of removal, Defendant asserted that the amount of controversy had been met because:

> 5. Although Plaintiff has not pled a specific amount of damages it is seeking, on information and belief that amount is in excess of $75,000.

ORDER
PAGE - 4

> 6. The Plaintiff's Complaint does not specify the amount in controversy. But in a pre-suit demand, the Plaintiff alleged $40,000 in medical specials and has demanded that GEICO pay him his $50,000 underinsured motorist limits. *Declaration of Alfred E. Donohue*. On information and belief, Plaintiff is seeking at least the $50,000 policy limits as damages in this lawsuit. See Complaint at ¶¶ 14.1–14.2. Plaintiff also alleges additional damages for "emotional distress, harassment, embarrassment, and delay" and that "plaintiff has lost the use of funds which should have been paid promptly as part of the claims process." Id. at ¶¶ 14.3-14.4. While Plaintiff does not specify the amount of damages he is seeking from these allegations, they are in addition to the $50,000 he seeks under the GEICO insurance policy. *Declaration of Alfred E. Donohue.*
>
> 7. The Plaintiff seeks attorney fees under the Insurance Fair Conduct Act and Consumer Protection Act. Complaint at ¶¶ 14.6, 15.1(b). When attorney fees are sought by statute, they are included for calculating whether a plaintiff's claims meet the amount in controversy requirement. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees."). If plaintiff prevails in the lawsuit, the plaintiff will seek fees under the statutes. Based on standard attorney fee rates and the amount of time required to bring a lawsuit, such fees alone through a trial will more likely than not exceed $75,000. *Declaration of Alfred E. Donohue*
>
> 8. The Plaintiff is also seeking to treble its damages under the Insurance Fair Conduct Act and Consumer Protection Act. Complaint at ¶ 15.1(c). The court considers treble damages and attorneys' fees when authorized by contract or underlying statute. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000) (permitting calculation of treble damages authorized by state statue when determining the amount in controversy). Plaintiff is seeking to treble his entire claimed damages. When considering Plaintiff's claimed damages, the amount for each category exceeds $75,000. This is therefore a civil action in which the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *Declaration of Alfred E. Donohue.*

Dkt. #1 at ¶ ¶ 5-8. In opposition to the instant motion, Defendant provides a copy of Plaintiff's demand letter. Dkt. #17, Ex. A. Defendant asserts that Plaintiff's alleged medical costs and policy limit demand, along with the treble damages and attorneys' fees claims, provide the requisite amount in controversy.

ORDER
PAGE - 5

On this record, the Court finds Defendant has established that the amount in controversy is satisfied in this case. While Plaintiff argues that the Court should disregard his demand letter on the basis that it violates Federal Rule of Evidence 408, the Court rejects that argument. The Ninth Circuit has found that a demand letter alone is sufficient to establish the amount is controversy as long as it contains a reasonable estimate of the Plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Further, the Court may properly consider supplemental evidence provided after removal by the defendant, even when it was not originally included in the removal notice. *Cohn v. Petsmart*, 281 F.3d at 840 (deeming evidence included in the defendant's response a valid amendment to its notice of removal where the plaintiff made no attempt to offer contrary evidence or challenge defendant's monetary valuation as "inflated and not an honest assessment of damages"). Further, Plaintiff is seeking potential triple damages under IFCA and his attorney's fees and costs for bringing this action. Together, those damages exceed $75,000. *See Gibson*, 261 F.3d at 945; *Kroske*, 432 F.3d at 980.

Plaintiff argues that Defendant's representations as to the amount in controversy are conclusory and were not supported by evidence at the time of removal, and therefore must be rejected as a violation of Local Rule 101. However, the Ninth Circuit has recently reiterated that a defendant need not provide additional evidence of the amount in controversy unless or until Plaintiff contests the amount in controversy:

> a removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." When, as here, "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."

ORDER
PAGE - 6

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing *Dart Cherokee*, 135 S. Ct. at *6); s*ee also Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *5-6 (C.D. Cal. Mar. 3, 2015). Accordingly, the Court finds that Defendant did not violate the Local Rule, and will not strike the demand letter from consideration.

Plaintiff has failed to provide any proof that there is less than $75,000 in damages at issue in this matter such that he can rebut the amounts asserted by Defendant discussed above. Accordingly, the Court finds that diversity jurisdiction appears to exist and the matter was properly removed to this Court.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that Plaintiffs' Motion to Remand (Dkt. #14) is DENIED.

DATED this 13 day of April, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7